Filed 7/17/15  P. v. Peterson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C077461 |
| Plaintiff and Respondent, | (Super. Ct. No. SC061749A) |
| v. | |
| MICHAEL STEPHEN PETERSON, | |
| Defendant and Appellant. | |

In November 1997, defendant Michael Stephen Patterson pleaded no contest to committing a lewd act on the body of a child of 14 years when defendant was at least 10 years older (Pen. Code, § 288, subd. (c)(1))[1] and encouraging a minor to use methamphetamine (Health & Saf. Code, §11353).  In June 2014, several years after serving his stipulated sentence and completing parole, defendant petitioned the trial court

---

[1] Undesignated statutory references are to the Penal Code.

1

for a certificate of rehabilitation (§§ 4852.01, 4852.06) and an order relieving him of his obligation to register as a sex offender (§ 290.5). The trial court denied his petition.

Defendant acknowledges he is statutorily precluded from receiving a certificate of rehabilitation and relief from the registration requirement because of his conviction for committing a lewd act on the body of a child, but he contends this statutory bar violates equal protection principles. Specifically, he contends that sections 4852.01, subdivision (d) and 290.5, subdivision (a)(2) violate federal and state equal protection principles to the extent they preclude a person convicted of violating section 288, subdivision (c)(1) from obtaining a certificate of rehabilitation and relief from the section 290 sex offender registration requirement, while permitting someone convicted of the more serious offense of sexual intercourse, sodomy, oral copulation, or sexual penetration with a child age 10 years or younger (§ 288.7) to obtain such relief.

In 2014, the Legislature remedied any inequity that may result from this disparate treatment by amending sections 290.5 and 4852.01 to preclude anyone convicted of violating section 288.7 from obtaining a certificate of rehabilitation or relief from the section 290 registration requirement. (§§ 290.5, subd. (a)(2)(Q), 4852.01, subd. (d); Stats. 2014, ch. 280, §§ 1, 3.) In light of this legislative action, as of January 1, 2015, disparate treatment of these two classes of individuals (those convicted of violating section 288 and those convicted of violating section 288.7) is no longer a possibility. Therefore, the sole issue raised by defendant in this appeal is moot.[2]

---

[2] The People argue the appeal is moot, though they do not present this argument under a separate heading, which would help call the argument to the court's attention. Defendant did not file a reply brief, otherwise address this argument, or seek a dismissal of this appeal.

## DISPOSITION

The appeal is dismissed.

                                                 BUTZ         , J.

We concur:

         RAYE         , P. J.

         HULL         , J.